```
                IN THE UNITED STATES DISTRICT COURT
                 FOR THE SOUTHERN DISTRICT OF TEXAS
                          HOUSTON DIVISION

SHONTE MACKEY,                  §
                                §
          Plaintiff,            §
                                §
VS.                             §   CIVIL ACTION H-11-4246
                                §
CONTINENTAL AIRLINES,           §
                                §
          Defendant.            §
```

**OPINION AND ORDER OF PARTIAL DISMISSAL**

Pending before the Court in the above referenced cause brought by *pro se* Plaintiff Shonte Mackey, proceeding *in forma pauperis*, and alleging that she was wrongfully terminated based on her "health and disability" while on medical leave of absence in violation of the Family and Medical Leave Act("FMLA"), 29 U.S.C. §§ 2601, *et seq.*, the Americans with Disabilities Act ("ADA"), 29 U.S.C. §§ 12101, *et seq.*, and the Texas Commission on Human Rights Act ("TCHRA"), Texas Labor Code §§ 21.00-21.556, is Defendant Continental Airlines' motion to dismiss (instrument #7) for failure to state a claim upon which relief may be granted under Federal Rule of Civil Procedure 12(b)(6) because her claims under the FMLA, the ADA, and the TCHRA are barred by the statute of limitations for each. Plaintiff has failed to file a response.

After reviewing the record and the applicable law, the Court concludes that as a matter of law Plaintiff's claims under the ADA

and the TCHRA should be dismissed with prejudice on limitations grounds, but that her claim under the FMLA should remain pending.

### Plaintiff's Allegations

Plaintiff's complaint is submitted on the Clerk's office's standard *pro se* form for Title VII employment discrimination, filed on December 5, 2011. She states that in June 2009 she was rushed to the hospital from work. While she was on medical leave, her doctor put her on job restrictions for high blood pressure and an irregular heartbeat. She notified Human Resources of her restrictions and spoke with Ms. Dina Gage, who told her that "we don't have anything to accom[m]odate you" and that Plaintiff should wait "until Casey call me [*sic*]." A week later Ms. Gage called and told Plaintiff to bring her badge in and sign her FMLA papers, and that she would be out on leave until her doctor released her to do more, as there was no light duty work for Plaintiff. About a week later Plaintiff received notice that her medical coverage was canceled and that she had to repay her insurance company for services she had received. She called Blue Cross, which told her she was not covered because she was no longer employed. Plaintiff then called Casey, who told her that Continental Airlines had terminated her employment.

She filed a Charge of Discrimination with the Texas Workforce Commission ("TWC")[1] on October 9, 2009 stating that she was discriminated against on or before July 10, 2009 when she was discharged while she was on medical leave of absence. She stated, "The HR manager knew I was on medical and still terminated my employment stating that she could not get in touch with me. She knew what my situation was at the time and knew I had been rushed to the ER for my high blood pressure." She filed suit claiming, "Due to my health and disability I was wrongfully terminated from my employment" in violation of the ADA.

To her complaint Plaintiff attached a copy of her Equal Employment Opportunity Commission ("EEOC") charge, dated October 9, 2009; and a copy of her Dismissal and Notice of [Suit] Rights from the EEOC, dated November 9, 2010; and a Notice of Right to File a Civil Action from the Texas Workforce Commission ("TWC"), dated October 4, 2011.

### Standard of Review under Rule 12(b)(6)

Federal Rule of Civil Procedure 8(a)(2) provides, "A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to

---

[1] The TWC, Civil Rights Division, assumed the powers and duties of the TCHRA, effective March 1, 2004.  *Little v. Texas Dept. of Criminal Justice*, 148 S.W. 3d 374, 377-78 (Tex. 2004) ("[T]he Commission on Human Rights was recently abolished and its powers and duties were transferred to the newly-created Civil Rights Division of the Texas Workforce Commission.").

relief." When a district court reviews a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), it must construe the complaint in favor of the plaintiff and take all well-pleaded facts as true. *Randall D. Wolcott, MD, PA v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011), *citing Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007)(citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 1965, *citing* 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1216, pp. 235-236 (3d ed. 2004)("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"). "*Twombly* jettisoned the minimum notice pleading requirement of *Conley v. Gibson*, 355 U.S. 41 . . . (1957)["a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"], and instead required that a complaint allege enough facts

to state a claim that is plausible on its face." *St. Germain v. Howard*,556 F.3d 261, 263 n.2 (5th Cir. 2009), *citing In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)("To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'"), *citing Twombly*, 127 S. Ct. at 1974). "'A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Montoya v. FedEx Ground Package System, Inc.*, 614 F.3d 145, 148 (5th Cir. 2010), *quoting Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1940 (2009). Dismissal is appropriate when the plaintiff fails to allege "'enough facts to state a claim to relief that is plausible on its face'" and therefore fails to "'raise a right to relief above the speculative level.'" *Montoya*, 614 F.3d at 148, *quoting Twombly*, 550 U.S. at 555, 570.

Dismissal under Rule 12(b)(6) is also "appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim.: *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001), *cert. denied sub nom. Cloud v. United States*, 536 U.S. 960 (2002). A "complaint that shows relief to be barred by an affirmative defense, such as the statute of limitations may be dismissed for failure to state a cause of action." *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1950 (5th Cir. 1982)(and citations therein).

Courts apply less stringent standards to parties proceeding *pro se* and liberally construe their filings. *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995).

**ADA and Limitations**

"[A] complaint may be subject to dismissal if its allegations affirmatively demonstrate that the plaintiff's claims are barred by the statute of limitations and fail to raise some basis for tolling." *Frame v. City of Arlington*, 657 F.3d 215, 240 (5th Cir. 2011), *cert. denied*, ___ U.S. ___, No. 11-746, 2012 WL 538391 (Feb. 31, 1012)(Mem.).

Before a party may file a lawsuit against an employer for a violation of the ADA, she must first exhaust administrative remedies. *Dao v. Auchan Hypermarket*, 96 F.3d 787, 788-89 (5th Cir. 1996). Incorporating the enforcement procedures of Title VII of the Civil Rights Act of 1965, 42 U.S.C. §§ 2000e-5(e), the ADA requires the complainant to file a timely charge of discrimination with the EEOC within 180 days of the date of the alleged discrimination, or in a deferral state within 300 days of the alleged discrimination if she files with the state or local agency (in Texas, the Texas Commission on Human Rights or "TCHR") with authority to grant relief from the alleged discriminatory conduct. 42 U.S.C. § 12117; *Dao*, 96 F.3d at 788-89; *Huckabay v. Moore*, 142 F.3d 233, 238 (5th Cir. 1998); *Ikossi-Anastasiou v. Board of Supervisors of La. State Univ.*, 579 F.3d 546, 549 (5th Cir, 2009);

*Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 109-10 (2002). "An employer may put an employee on notice by orally announcing an alleged discriminatory termination." *Ramirez v. City of San Antonio*, 312 F.3d 178, 187 and n.2., *citing Burfield v. Brown, Moore & Flint, Inc.* 51 F.3d 583, 589 (5th Cir. 1995)(finding that the claim accrued on the date the employee was orally informed of his termination and that the subsequent letter was "at most a written confirmation" of the prior decision), and *Everett v. Cobb County Sch. Dist.*, 138 F.3d 1407, 1410 (11th Cir. 1998)(two-year limitations period for ADA claim began on the date of the oral announcement). A claim is time-barred if it is not filed within these 180- or 300-day time limits. *Nat'l R.R. Passenger Corp.*, 536 U.S. at 109 (statutory period is mandatory); *Matthews v. City of Houston Fire Dept.*, 609 F. Supp. 2d 631, 642 (S.D. Tex. 2009). A plaintiff's administrative remedies are deemed exhausted once she receives a right-to-sue letter from the EEOC or the TWC. *Dao*, 96 F.3d at 788. In addition, the plaintiff must file her federal suit within ninety days after receiving the "right-to-sue" letter from the EEOC or the TWC. 42 U.S.C. § 5(f)(1); *Nilsen v. City of Moss Point, Miss.*, 621 F.2d 117, 120 (5th Cir. 1980); *Williamson v. American National Ins. Co.*, 695 F. Supp. 2d 431, 444 (S.D. Tex. 2010).

Although the statutory time limitation is mandatory, the limit is not "a jurisdictional prerequisite to suit in federal court,"

but is subject to equitable doctrines such as waiver, tolling or estoppel. *Nat'l RR Passenger Corp. v. Morgan*, 536 U.S. 101 (2002); *Zipes v. Trans World Airlines, Inc.*. 455 U.S. 385, 393 (1982). Equitable estoppel may apply when, "despite all due diligence, a plaintiff is unable to discover essential information bearing on the existence of [her] claim." *Rhodes v. Guiberson Oil Tools Div.*, 927 F.2d 876, 878 (5th Cir. 1991). The Fifth Circuit has opined,

> Equitable tolling is . . . a remedy that should be used "sparingly." *Irwin Dept. of Veterans Affairs*, 498 U.S. 89, 96 . . . (1990). This court primarily applies equitable tolling when "'the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.'" *Coleman v, Johnson*, 184 F.3d 398, 402 (5th Cir. 1999)(quoting *Rashidi v. Am. President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). Equitable tolling is not warranted when an attorney merely commits error or neglect. *Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2002).

*Baldwin v. Layton,* 300 Fed. Appx. 321, 324 (5th Cir. 2008). *See also Ramirez v. City of San Antonio*, 312 F.3d 178, 183 (5th Cir. 2002). A party who invokes equitable tolling bears the burden of demonstrating that it applies to her claims. *Id.* at 183. In determining whether the doctrine should apply, the court does not look only to the employee's subjective impressions, but examines "'whether the defendant's conduct, innocent or not, *reasonably* induced the plaintiff not to file suit within the limitations period.' A court will equitably toll a limitations period only when the employer's affirmative acts mislead the employee [about

the nature of his rights]." *Id.* at 184, *citing Tyler v. Union Oil Co. of California*, 304 F.3d 379, 391 (5th Cir. 2002). The Court finds that Plaintiff has alleged no facts that would warrant application of these equitable doctrines here.

Plaintiff's complaint indicates that she learned in June or July 2009 that her medical insurance was cancelled and that she had been discharged. Her Dismissal and Notice of Rights from the EEOC, warning her that she had to file suit within 90 days of receipt of that document, was mailed on November 9, 2010. She did not file the instant suit until December 5, 2011, 391 days after the EEOC sent her Dismissal and Notice of Rights. Thus her ADA claim is time-barred.

**TCHRA, Texas Workforce Commission, and Statute of Limitations**

The TCHRA, Texas Labor Code § 21.202(a), requires the complainant to file a charge with the administrative agency, i.e., the TWC or the EEOC, which will forward it to the TWC, within 180 days of the alleged unlawful employment practice. Texas Labor Code § 21.202(a); *Jones v. Grinnell Corp.*, 235 F.3d 972, 974 (5th Cir. 2001), *citing Schroeder v. Tex. Iron Works, Inc.*, 813 S.W. 2d 483, 485-86 (Tex. 1991) *overruled on other grounds*, *In re United Services Auto. Ass'n*, 307 S.W. 3d 299, 310 (Tex. 2010); *Williams v. Vought*, 68 S.W. 3d 102, 108 (Tex. App.--Dallas 2001, no pet.); *McDougall v. Binswanger Management Corp.*, Civ. A. No. 3:10-CV-2563-D, 2012 WL 1109551, *5 (N.D. Tex. Apr. 3, 2012). That 180-day time

limit for filing with the TWC is mandatory and jurisdictional, with the plaintiff bearing the burden of establishing compliance. *McDougall,* 2012 WL 1109551, *5 and n.6.  Section 21.002(b) mandates that "[t]he commission shall dismiss an untimely complaint."

After a complaint is timely filed with the agency, the TWC has up to 180 days to decide whether to resolve or dismiss the complaint. *Howe v. Yellowbook, USA*, ___ F. Supp. 2d _____, 2011 WL 6937611, *4 (N.D. Tex. Dec. 21, 2011).  Texas courts hold that it is the entitlement to a right-to sue letter, not receipt of the letter, that exhausts the complainant's administrative remedies. *Id., citing Rice v. Russell-Stanley, L.P.*, 131 S.W. 3d 510, 513 (Tex. App.--Waco, pet. denied)("[T]he right-to-sue letter is not part of the exhaustion requirement, only notice of exhaustion [is required].").  Section 21.254 of the Texas Labor Code states, "Within 60 days after the date of the notice of the right to file a civil action is received, the complainant may bring a civil action against the respondent." *Baldonado v. Texas Dept. of Health and Human Services Commission*, 2012 WL 1073278, *2 (Tex. App.--Corpus Christi Mar. 29, 2012), *citing Tarrant County v. Vandigriff*, 71 S.W. 3d 921 (Tex. App.--Fort Worth 2002, pet. denied). Regardless the plaintiff must file suit no later than two years after the administrative complaint is filed.  *Id.;* Tex. Labor Code § 21.256 ("A civil action may not be brought under this subchapter later than the second anniversary of the date the complaint

relating to the action is filed.) This two-year period is mandatory, but not jurisdictional. *In re United Services Auto. Ass'n*, 307 S.W. 3d 299, 310 (Tex. 2010).

Plaintiff filed her discrimination charge simultaneously with the EEOC and the TWC on October 9, 2009. She filed her original complaint in this lawsuit on December 5, 2011, two years and 57 days after she filed the discrimination charge, well outside of the two-year statute of limitations period for TCHRA claims under § 21.256. *In re USAA*, 307 S.W. 3d at 310. Thus this claim is time-barred. That Plaintiff's Notice of Right To File a Civil Action was sent to Plaintiff on October 4, 2011 by the TWC does not extend the two-year limitations period established in § 21.256. *Vu v. ExxonMobil Corp.*, 98 S.W. 3d 318, 320-21 (Tex. App.--Houston [1st Dist.] 2003, pet. denied).

**FMLA and Statute of Limitations**

The FMLA does not require exhaustion of administrative remedies. The statute of limitations for an FMLA claim is three years for willful violations and two years for all other violations. *Henson v. Bell Helicopter Textron, Inc.*, 128 Fed. Appx. 387, 392 (5th Cir. Apr. 18, 2005), *citing* 29 U.S.C. §§ 2617(c)(2) and § 2617(c)(1). To prevail on a wilful violation, a plaintiff must show that his employer "'either knew or showed reckless disregard for the matter of whether its conduct was prohibited by statute.'" *Henson*, 128 Fed. Appx. at 392, *quoting*

*Hillstrom v. Best Western TLC Hotel*, 354 F.3d 27, 33 (1st Cir. 2003).

Plaintiff alleges that Continental Airlines terminated her employment on July 10, 2009 while she was on medical leave and that she only found out when her insurance company would not cover her medical treatment. She had to call Continental Airlines to confirm her discharge. She also stated, "The HR manager knew I was on medical and still terminated my employment stating that she could not get in touch with me. She knew what my situation was at the time and knew I had been rushed to the ER for my high blood pressure." Continental Airlines maintains, "That is, by her own allegation, CAL provided Mackey with the 'family medical leave' that she requested and was prepared to reinstate her to her position; it was Mackey who could not return to her position." #7 at 4 n.3. The Court finds that this statement does not accurately reflect Plaintiff's complaint. The Court further finds that at this stage of the litigation Plaintiff has adequately stated a claim for a willful violation. She filed her suit timely, well within the three-year limitations period for a willful FMLA violation claim. Accordingly, the Court

ORDERS that Defendant's motion to dismiss is GRANTED with prejudice as to the ADA and TCHRA claims on limitations grounds,

but DENIED as to the FMLA claim.

**SIGNED** at Houston, Texas, this 10th day of April, 2012.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE